This is Louis v. Paymaster Payroll. Your Honors, where you see wrong or inequality or injustice, speak out because this is your country. This is your democracy. Make it, protect it, pass it on. Those are the words of the man this courtroom is named after, Thurgood Marshall, and the reason why I'm here today and why our paths may cross again in the future. My name is Scott Philip Lewis, proceeding pro se, also an independent candidate for United States Congress in New York State's 21st Congressional District in Lake Placid, New York, where the miracle on ice happened with a ragtag bunch of Americans representing freedom, democracy, freedom of thought, took on and defeated the best hockey team in all the world, representing oppression and communism in the Soviet Union. Today, I'm here to address two questions. From the brief, it comes from a case in which I entered two contracts with individuals after I was in a hit and run accident, leaving me with a concussion. These individuals knew I was in an impaired state and failed to provide any actual services, leaving me in a worse position, causing monetary damages. So the two questions that need to be addressed that are spoken about in the briefs are the limitations, specifically the unsound mine exception, which goes to Texas state law, as well as if monetary relief is available under Title III of the Americans with Disabilities Act. First, I want to touch briefly on a major procedural issue that is glaring with the Northern District of New York. Respondents have yet to be served with the original complaint in the district court. I am proceeding in form of pauperous, and the court took it upon themselves and has determined that Section 1915 gives the court the ability to review the complaint before the issuance of the summons. However, this contradicts federal rules of civil procedure and causes a disadvantage for me. Rule four, as you know, as soon as complaints filed- Mr. Lewis, I'm not sure how this disadvantages you, because if they were served, they could come in and make arguments against you, and now they're being denied that opportunity. If I can come back to your situation with respect to the statute of limitations issue, the district court dismissed your case, but said it was going to give you the opportunity to file an amended complaint, but then it closed the case. Is it your position that you did not have the opportunity to file an amended complaint because the court, although it said it was going to give you that opportunity, didn't give you that opportunity by closing the case before you had a chance to react? Is that a part of your argument? My argument is I had always gone forward utilizing rule 15 of federal rules of civil procedure. Once the summons is served, I have the right to amend by rule 15. So section 1915 does not give the court ability to review before the issuance of summons. There is nothing that states that there. So me being in my position, I tried to get in as much as I could, knowing that I would be able to amend in the future. You weren't given the opportunity to amend, is what I'm suggesting. Is that a part of your argument, that you were not given an opportunity to amend? I was not. Even though the court said it would give you the opportunity to amend. I believe this case was dismissed without prejudice, but it did not specifically grant a leave to amend. Well, it said it was dismissed without prejudice, but then the case was closed, and that was the end of it. Correct. And so at that point, you appealed here. Right, right. And I wanted to bring up the procedural issues first, because I do think it's a big deal, because I'm not looking at a second bite of the apple. I am looking for the rights secured within that first bite, which is rule 15, having the ability to amend after the issuance and service of the summons. And I haven't been afforded that opportunity, and that's where I do think I am disadvantaged, Your Honor. In regards to the unsound mind exception, if I could touch briefly on that, is I don't want to repeat the pleadings, but I tried to outline as much as I could, mental injuries and physical injuries that I have endured that cause mental impairments, symptoms of PTSD, I've been diagnosed with PTSD, as well as ADHD. I'm actually getting on a plane tomorrow and flying down to Austin, Texas. Regarding that hit and run accident, I have proceedings next week. I still don't know who hit me. It was covered up by police officers in the municipality there, being the city of Austin. I still have those symptoms. So that unsound mind exception is defendants are trying to say that I need to be completely incapacitated. But under the definition of unsound, it's not in good conditions, unstable, defective. And these are undoubtedly symptoms that I have exhibited since this hit and run accident. And this is, they, defendants knew of these injuries when they took these actions, and they were deliberate in not providing actual services for somebody in a disabled state of mind in order to take advantage of them. So that brings me to monetary relief. The case law, as I pointed out in the brief, it goes back to, it tries to compare Title III of the ADA with Title II of the Civil Rights Act. The piggy, there's a 1968 case law. It tries to take the ADA into Civil Rights Act. But the Civil Rights Act does have monetary relief afforded to it under Title VI for intentional discrimination, which is my argument here. And I'm asking this court to remand back, is that if this act was done with ill intentions to take advantage of the disabled by not providing actual services, and this act caused monetary damages, there is a private right of action for monetary relief of those violations of Title III of the ADA, simply secured by the Seventh Amendment. If I could take some questions. Mr. Lewis, I think we understand that argument from your briefing. Okay. And I think you said what is important, the most important thing was your first argument, at least from my review of the papers up until now, is that you intended to amend your complaint and are seeking that opportunity. Yes, ma'am. Your time is up, so thank you very much for your argument. Thank you very much. And we will take the matter under advisement. Thank you.